## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK JOSE BARRERA ESPANA<br>12907 Crookston Lane, Apt. 41<br>Rockville, MD 20851<br><br>    *Plaintiff*,<br>  v.<br><br>BLACK SALT FISH, LLC d/b/a BLACKSALT<br>4883 MacArthur Blvd N.W.<br>Washington D.C. 20007<br><br>Serve: CT Corporation System<br>   1015 15th Street N.W.<br>   Washington D.C. 20005<br>and<br><br>JEFF BLACK<br>7752 Woodmont Avenue, Suite 201<br>Bethesda, MD 20814<br><br>    *Defendants*. | Civil Case No.: 19-2509 |

## COMPLAINT

Plaintiff, Erick Jose Barrera Espana, hereby brings suit against his former employers Black Salt Fish, LLC d/b/a Blacksalt ("BSF") and Jeff Black ("Jeff Black") (collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"), and the District of Columbia Payment and Collection of Wages Law, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"). Plaintiff alleges as follows:

## PARTIES

1.     Plaintiff is an adult resident of Montgomery County, Maryland who was employed by Defendants as a pastry cook from on or about January 25, 2019, to on or about May 12, 2019. Plaintiff was at all times an employee of BSF and Jeff Black under the economic reality test.

2.     BSF is a limited liability company organized under the laws of the District of Columbia. BSF owns and operates the Blacksalt Fish Market Restaurant where Plaintiff worked. The restaurant is located at 4883 MacArthur Blvd., N.W., Washington D.C. 20007. BSF was an "employer" of the Plaintiff within the meaning of the FLSA, the DCPCWL, the DCMWRA and the economic reality test because BSF, through its owners, agents and employees, hired the Plaintiff, set his rate of pay, paid him his wages, supervised him, directed him in the performance of his work, maintained his employment records, had the authority to hire and fire him and ultimately terminated him. BSF also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3.     At all relevant times, Jeff Black was an "employer" of the Plaintiff within the meaning of the FLSA, the DCPCWL, the DCMWRA and the economic reality test because: (1) he is an owner, officer, director and/or member of BSF; (2) he had functional and operational control over the terms and conditions of Plaintiff's employment, including compensation and pay practices; (3) he controls the corporate funds or accounts from which Plaintiff and other employees

are paid; (4) he was involved in establishing and controlling the rate of Plaintiff's pay; (5) he was responsible for paying Plaintiff his wages; and (6) he had the ability to hire and fire the Plaintiff.

## JURISDICTION

4.      Plaintiff is asserting causes of action against Defendants under the DCPCWL and the DCMWRA. Plaintiff is entitled to the protections under the DCPCWL and the DCMWRA because, during his employment with Defendants, Plaintiff spent all of his working time in the District of Columbia.  *See* D.C. Code § 32-1003(b)(1) ("A person shall be employed in the District of Columbia when [t]he person regularly spends more than 50% of their working time in the District of Columbia").

5.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

6.      This Court has *in personam* jurisdiction over Defendants because they conduct business in the District of Columbia, and Defendant BSF is registered as a domestic limited liability company in the District of Columbia. Also, all of the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## STATEMENT OF FACTS

7.      On or about January 25, 2019, Defendants hired Plaintiff to the position of pastry cook. Defendants' head chef "G.J." promised to pay Plaintiff at the rate of $14.00 per hour for straight time hours and $21.00 per hour for overtime hours. Defendants paid Plaintiff weekly, based on a one-week pay period running from Monday through Sunday.

8.      Plaintiff was required to and did keep track of his time using Defendants' computerized timekeeping system. Defendants assigned Plaintiff a unique numerical code which he used to clock-in and clock-out when he started and stopped work each day.

9.      For the pay period beginning Monday, May 6 and ending on Sunday, May 12, 2019, Plaintiff worked a total of 52 hours, which included 12 hours of overtime. Specifically, during that work week, he worked a regular shift on Monday, Thursday, Friday, Saturday and a double a shift on Sunday, which was a total of 52 hours. However, Defendants paid Plaintiff nothing at all for any of the 52 hours of work during the May 6 to May 12, 2019 pay period. Including the overtime premium due for overtime hours, Plaintiff is owed $812.00 for the work he performed that work week.

10.     On Sunday, May 12, 2019, at the end of his shift, Defendants' head chef and manager ("G.J.") terminated Plaintiff. Under the DCPCWL, Plaintiff was entitled to receive his final paycheck the next business day, May 13, 2019. D.C. Code § 32-1303 (1) and (2). However, Defendants failed to pay Plaintiff then or at any other time.

11.     When Plaintiff still had not received his check on Monday, May 29, 2019, Plaintiff texted G.J. Even though Defendants already had Plaintiff's home address in their files, Plaintiff put his address in the text and asked (in the text) when his final check would be mailed to the address specified in the text. G.J., who was a manager, responded with a profanity laced return text message, which informed Plaintiff that Defendants would not pay him.

12.     Fifty-Nine working days have passed since Plaintiff wrote the text on May 29, 2019 asking to be paid and 70 working days have passed since Plaintiff's unpaid wages were due in full and Defendants have still not paid them. Therefore, Defendants are liable to Plaintiff for his back

wages ($812.00) plus an amount equal to three times the back wages ($2,436.00) as liquidated damages (a total of $3,248.00). *See* D.C. Code § 1303 (4).

## COUNT I
## (VIOLATIONS OF THE FLSA)

13.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

14.     Defendants violated the FLSA by knowingly failing to pay Plaintiff anything at all for the 12 overtime hours ($21.00 per hour) he worked from May 6 to May 12, 2019, which is $252.00.

15.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

16.     Therefore, Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime compensation, plus an additional equal amount as liquidated damages, and court costs, and reasonable attorneys' fees and expenses.

17.     The precise amount owed to the Plaintiff by Defendants for unpaid overtime under the FLSA is $504.00, which includes liquidated damages.

## COUNT II
## (VIOLATIONS OF THE DCMWRA)

18.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

19.     At all times relevant to the Complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1002 (2).

20.     At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

21.     Defendants violated the DCMWRA by knowingly failing to pay Plaintiff anything at all for the 12 overtime hours (at $21.00 per hour) he worked from May 6 to May 12, 2019, which is $252.00.

22.     As a result of the violations by the Defendants, they are liable to Plaintiff for unpaid overtime wages (at $21.00 per hour), liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

23.     The precise amount owed to the Plaintiff by Defendants for the unpaid overtime under the DCMWRA is: $252.00 plus an amount equal to three times that as liquidated damages ($756.00), which is a total of $1,008.00.

24.     As a result of the violations of the Defendants, they are also liable for Plaintiff's reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

## COUNT III
## (VIOLATIONS OF THE DCPCWL)

25.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

26.     At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the DCPCWL.

27.     At all relevant times, Plaintiff was employed in the District of Columbia by Defendants within the meaning of the DCPCWL.

28.     Defendants violated the DCPCWL by failing to pay Plaintiff for 52 hours of time he spent working during the work week of May 6 through May 12, 2019. This time has a value of $812.00.

29.     Plaintiff was entitled to receive these wages on his final paycheck which was due on May 13, 2019, the next business day after he was terminated. *See* D.C. Code §32-1303 (1) and (2).  Plaintiff notified Defendants on May 29, 2019 that he had not received his pay check for the aforementioned week by text and Defendants failed and refused to tender payment.

30.     Fifty-Nine working days have passed since May 29, 2019, when Plaintiff asked Defendants to pay his wages and 70 working days have passed since Plaintiff's wages were due an owing. Therefore, Defendants are liable for the back wages ($812.00) plus liquidated damages equal to three times the amount of unpaid wages ($2,436.00). *See* D.C. Code §32-1303 (4) (liquidated damages accrue at 10% per working day following the day payment is due). The total amount owed to Plaintiff by Defendants for back pay and liquidated damages under the DCPCWL is $3,248.00.

31.     As a result of the violations of the Defendants, they are also liable for Plaintiff's reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

**RELIEF REQUESTED**

Plaintiff requests that this Court enter the following relief

a.      Pursuant to the FLSA, enter judgment against BSF and Jeff Black, jointly and severally, and in favor of Plaintiff in the amount of $252.00 plus an additional amount equivalent to the wages (another $252.00), a total of $504.00;

b.      Pursuant to the DCMWRA, enter judgment against BSF and Jeff Black, jointly and severally, and in favor of Plaintiff in the amount of $252.00 plus an additional amount equivalent to three times the unpaid wages (another $756.00), a total of $1,008.00;

c.      Pursuant to the DCPCWL, enter judgment against BSF and Jeff Black, jointly and severally, and if favor of Plaintiff in the amount of $812.00 plus an amount equal to three times the amount of wages owed ($2,436.00) as liquidated damages, a total of $3,248.00; and

32.      award Plaintiff reasonable attorneys' fees and costs incurred in this action, including fees at the Legal Services Index Rate ("LSI") and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *DL v. District of Columbia*, 924 F.3d 585, 592-95 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:     (301) 587-6308
*Attorney for Plaintiff*